IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **09CV01722** *BNB*

(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 1 2009

GREGORY C. LANGHAM
CLERK

JAMES SCOTT DALY,

  Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

  Defendant.

---

ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION,
GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS,
AND DENYING REQUEST TO PROCEED UNDER A PSEUDONYM

---

Plaintiff has submitted to the Court *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court has determined that these documents are in proper form. Therefore, the clerk of the Court will be directed to commence a civil action. The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 will be granted. Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is able to pay an initial partial filing fee of $47.00 pursuant to § 1915(b)(1). He will be directed to do so below.

Plaintiff also has filed a "Request to Proceed Under a Pseudonym" and a "Declaration in Support of Request to Proceed Under a Pseudonym." Plaintiff seeks to proceed under a pseudonym "based upon the nature of the documents being sought in

this case and the threats to his life." (Request to Proceed Under a Pseudonym at 1.) For the reasons stated below, the "Request to Proceed Under a Pseudonym" will be denied.

Plaintiff alleges in the Prisoner Complaint that his life is in danger from the Aryan Brotherhood, a prison gang. Plaintiff specifically alleges that he notified prison officials in November 2006 of his need for protection from the Aryan Brotherhood and that he cooperated with prison officials at that time by providing information about members of the Aryan Brotherhood, their operations, and various illegal activities. Plaintiff asserts that the information he provided to prison officials about the Aryan Brotherhood was released to defense teams who have mailed copies of Plaintiff's statements to inmates still in prison, which places Plaintiff's life in even greater danger. Plaintiff further asserts that prison officials have failed to protect him.

> Plaintiff is now being subjected to almost daily threats on his life. He has feces and urine thrown on him. He has been spat on. And he regularly has people banging on his walls and ceiling at all hours of the day and night to keep him from getting sleep.

(Prisoner Compl. at 3.)

Plaintiff has filed the instant action against the Federal Bureau of Prisons (BOP) pursuant to the Freedom of Information Act (FOIA) seeking "agency records, information and documents in the [BOP]'s possession to show that the threat to his life is real." (Prisoner Compl. at 3.) As summarized in his motion to proceed under a pseudonym,

> Plaintiff is now in the untenable position where he needs the documents disclosed so that he may use them to seek protection from a clear and obvious threat to his life.

2

> However, the public disclosure of those documents will create an even greater threat to his life. Thus, the need for the use of a pseudonym in this case.

(Request to Proceed Under a Pseudonym at 2.)

"Proceeding by pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). However, while the Federal Rules of Civil Procedure require that all pleadings contain the names of the parties and identify the real parties at interest, "there may be exceptional circumstances warranting some form of anonymity in judicial proceedings." *Id.* These exceptional circumstances include "'matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.'" *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

As discussed above, Plaintiff seeks to use a pseudonym in this action because he allegedly faces a threat of physical harm. However, despite filing a motion to proceed under a pseudonym, Plaintiff has used his real name in every document filed in this action. Even more importantly, the Court finds that allowing Plaintiff to use a pseudonym will not prevent the harm he seeks to avoid through the use of a pseudonym because he alleges that the documents he seeks already have been disclosed to other inmates. Plaintiff merely seeks copies of the documents already disclosed to other inmates in order to support his contention that his life currently is in danger. Therefore, Plaintiff's "Request to Proceed Under a Pseudonym" will be denied. Accordingly, it is

3

ORDERED that the clerk of the Court commence this civil action. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is granted. Plaintiff shall be required to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1) regardless of the outcome of this action. It is

FURTHER ORDERED that Plaintiff shall pay an initial partial filing fee of $47.00. Plaintiff shall have **thirty (30) days from the date of this order** in which to have the designated fee sent to the clerk of the court or show cause why he has no assets and no means by which to pay the designated initial partial filing fee. In order to show cause, Plaintiff must file a current certified copy of his trust fund account statement. It is

FURTHER ORDERED that the clerk of the court shall provide Plaintiff with two copies of this order. Plaintiff is directed to make the necessary arrangements to have one copy of this order attached to the check in the amount of the designated initial partial filing fee. It is

FURTHER ORDERED that the court will not review the merits of the Prisoner Complaint until the initial partial filing fee is paid or Plaintiff shows cause as directed above why he has no assets and no means by which to pay the designated initial partial filing fee. It is

FURTHER ORDERED that, after payment of the initial partial filing fee, Plaintiff shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month as

directed above why he has no assets and no means by which to make the monthly payment. Plaintiff is directed to make the necessary arrangements to have each monthly payment identified by the civil action number on this order. It is

FURTHER ORDERED that if within the time allowed Plaintiff fails to have the designated initial partial filing fee or monthly payments sent to the clerk of the court or to show cause as directed above why he has no assets and no means by which to pay the designated initial partial filing fee or make the monthly payments, the Prisoner Complaint will be dismissed without prejudice without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the court. It is

**FURTHER ORDERED that the court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt the plaintiff may owe in a prior action or actions if the plaintiff fails to stay current with his payment obligations in the prior action or actions.**

FURTHER ORDERED that Plaintiff's "Request to Proceed Under a Pseudonym" is denied.

DATED at Denver, Colorado, this 17th day of July, 2009.

BY THE COURT:

CRAIG B. SHAFFER
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   **09CV01722**

James Scott Daly
Reg. No. 25605-198
ADX – Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed **two copies of the ORDER** to the above-named individuals on ___7/21/09___

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk