# VAUGHN INDEX
# DALY v. DEPARTMENT OF JUSTICE
# CIVIL ACTION NO. 09-CV-1722

**FOIA Request # 07-5059**

| DOC # | PAGES | DOCUMENT DESCRIPTION | EXEMPT/ STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 1 | 3 | Note/Letter from the plaintiff to SIA/SIS regarding the activities of the Aryan Brotherhood | (b)7(A) | (b)(7)(A) was applied to this document as the document details information regarding Aryan Brotherhood members and associates, and a federal criminal prosecution was on-going against several Aryan Brotherhood members at the time of the request. |
| 2 | 12 | Handwritten notes of staff member interviewing the plaintiff | (b)7(A) | (b)(7)(A) was applied to this document as the document details information regarding Aryan Brotherhood members and associates, and a federal criminal prosecution was on-going against several Aryan Brotherhood members at the time of the request. |
| 3 | 14 | Plaintiff's own handwritten statement regarding the Aryan Brotherhood | (b)7(A) | (b)(7)(A) was applied to withhold the entire document as the plaintiff was in California for the federal trial of several Aryan Brotherhood members at the time of the request |
| 4 | 6 | Staff notes taken during interview with the plaintiff | (b)7(A) | (b)(7)(A) was applied to withhold the entire document as the plaintiff was in California for the federal trial of several Aryan Brotherhood members at the time of the request |

**FOIA Request # 09-1908**

| DOC # | PAGES | DOCUMENT DESCRIPTION | EXEMPT/ STATUS | JUSTIFICATION |
|---|---|---|---|---|
|  |  |  |  |  |

It appears from the agency's database that no documents were obtained and the request was administratively closed as duplicate to FOIA Request 09-6734.

**FOIA Request #09-6734**

| DOC # | PAGES | DOCUMENT DESCRIPTION | EXEMPT/ STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 1 | 17 pages | 11/26/2006 Written statement by James Daly to Special Investigative Agent (SIA)/Special Investigative Supervisor (SIS) | not exempt/fully released[1] |  |
| 2 | 5 pages redacted | SIS Protective Custody Investigation | (b)(2)(High) (b)(5) (b)(7)(C) (b)(7)(F) | (b)(2)(High) was applied to omit the name of a specific Central Inmate Monitoring assignment (CIM). There are six different broad CIM assignments with various specific assignments under each of these six broad categories. Inmates who receive a CIM assignment are advised of their broad assignment but are not provided information concerning the specific assignment. |

---

[1] The materials which were fully released to the plaintiff in this matter are "view only" due to their content. FOIA requires access to government documents, which the agency has provided. However, due to Daly's current status as an inmate in federal custody, the BOP has a duty to ensure his safety. The agency has determined it would be dangerous for Daly's safety if he were to possess these documents because other inmates may obtain them or read them. In a prison setting, with the records sought in this particular FOIA request, the agency has determined the requestor may view the fully releasable records, however, he may not maintain a copies of them in his cell.

| 2 (con't) | 5 pages redacted | SIS Protective Custody Investigation | (b)(2)(High) (b)(5) (b)(7)(C) (b)(7)(F) | (b)(2)(High) (con't) These assignments are utilized within the BOP to identify inmates who have a verified need for enhanced monitoring or protection from other inmates for various reasons including gang/disruptive group affiliation, cooperation issues, etc. These assignments are also utilized by the BOP to manage the inmate population to ensure one disruptive group is not overpopulated at any given institution which could jeopardize the safety and security of that institution. It was also applied to redact staff statements relating to internal BOP classification, recommendations regarding the need for protective custody within the BOP system. (b)(5) was applied to redact staff internal conclusions and recommendations. The memo advises the Warden of whether, in the opinion of the writer, that a certain inmate needs additional protection. (b)(7)(C) was applied to redact the names of inmates and one staff member referred to within this investigation. These individuals have a privacy interest in their identities in connection with this investigation. (b)(7)(f) was applied to redact the names of inmates referred to within this investigation. Revealing their names and thus their involvement with this security threat group would reasonably be expected to cause them harm. |
|---|---|---|---|---|

| 3 | 2 pages redacted | SIS Staff Memo to Case Management Coordinator (CMC) | (b)(2)(High) (b)(5) (b)(7)(C) (b)(7)(e) (b)(7)(f) | (b)(2)(High) was applied to redact information concerning internal investigatory details that if released would identify other inmates who have received a Central Inmate Monitoring assignment. (b)(5) was applied to redact staff internal speculation and recommendations. (b)(7)(C) was applied to redact the names of inmates referred to within this memo. These individuals have a privacy interest in their identities in connection with this investigation. (b)(7)(E) was applied to redact information that identifies various law enforcement techniques and investigative tools to prohibit inmates from acquiring that information and as a result, be able to circumvent safety and security procedures implemented within institutions. (b)(7)(f) was applied to redact names of inmates referred to within this investigation. Revealing their names and thus their involvement with this security threat group would reasonably be expected to cause them harm. |

| 4 | 1 page | Undated note from staff to another staff member | (b)(7)(C) (b)(7)(F) | (b)(7)(C) was applied to redact the names of inmates referred to within this memo. These individuals have a privacy interest in their identities in connection with this investigation. (b)(7)(f) was applied to redact names of inmates referred to within this investigation. Revealing their names and thus their involvement with this security threat group would reasonably be expected to cause them harm. |
|---|---|---|---|---|
| 5 | 15 pages | 4/24/2007 letter written by Daly to AUSA | not exempt/released in full | |
| 6 | 16 pages | 4/30/2007 letter written by Daly to BOP Director Lappin | not exempt/fully released | |
| 7 | 1 page | 2/7/2007 letter written by Daly to SIS | not exempt/fully released | |
| 8 | 1 page | certified mail receipt completed by Daly for letter to Donna Bickel | not exempt/fully released | |
| 9 | 1 page | envelope for letter to Donna Bickel | not exempt/fully released | |
| 10 | 4 pages | 2/5/2007 letter written by Daly to Donna Bickel | not exempt/fully released | |
| 11 | 12 pages | Handwritten staff notes | not exempt/fully released | |
| 12 | 17 pages | 11/26/2006 Written statement by James Daly to Special Investigative Agent (SIA)/Special Investigative Supervisor (SIS) | not exempt/fully released | |

| 13 | 6 pages | Staff notes from Daly interview | not exempt/fully released | |