IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01722-PAB-BNB

JAMES SCOTT DALY,

 Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

 Defendant.

_____

**ORDER**
_____

  This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 94] filed on January 7, 2011. United States Magistrate Judge Boyd N. Boland recommends that defendant's motion for summary judgment [Docket No. 48] be granted.  The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See* Docket No. 94 at 21; *see also* 28 U.S.C. § 636(b)(1)(C).  Plaintiff filed a response to the Recommendation on January 21, 2011 [Docket No. 95], stating that he is not filing objections to the Recommendation.  *See* Docket No. 95 at 1.

  In the absence of an objection to the Recommendation, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or

any other standard, when neither party objects to those findings"). In this matter, I have reviewed the Recommendation to satisfy myself that there is "no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review and having construed the pro se plaintiff's filing liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), I have concluded that the Recommendation is a correct application of the facts and the law. Therefore, the Recommendation will be accepted.

Although he poses no objections to the Recommendation, plaintiff describes his response as a motion requesting that the Court not award defendant its costs as a prevailing party. *See* Fed. R. Civ. P. 54(d)(1) (providing in pertinent part that "costs — other than attorney's fees — should be allowed to the prevailing party"). The defendant may choose not to seek its costs, thus mooting plaintiff's request. In the event costs are awarded to defendant, plaintiff may renew his motion. *See* Fed. R. Civ. P. 54(d)(1) (providing that the "clerk may tax costs on 14 days' notice" and that "[o]n motion served within the next 7 days, the court may review the clerk's action").

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 94] is ACCEPTED. It is further

**ORDERED** that defendant's motion for summary judgment [Docket No. 48] is GRANTED. Judgment shall enter in favor of defendant and against plaintiff. It is

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed.R.Civ.P. 72(a), which in turn is less than a de novo review. *See* Fed. R. Civ. P. 72(b).

further

**ORDERED** that plaintiff's response to the Recommendation [Docket No. 95] is construed as a motion seeking review of an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and is DENIED without prejudice.

DATED February 7, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge